(Superior Court of Cincinnati.)
Special Term 1901.
## WILLIAM P. RABENSTEIN v. CHICAGO COTTAGE ORGAN COMPANY, et al.

(1.) Needless prolixity in a petition will in some measure influence the court on a motion to strike out, in the hope that in reforming the petition such prolixity will be avoided.

(2.) The rule that a motion to strike out is barred by the interposition of a previous demurrer is not inflexible; but the power is inherent in the court to order irrelevant or redundant matter to be stricken from a pleading, where by so doing greater certainty can be obtained as to the issues to be tried.

On motion to strike out.

DEMPSEY, J.,

After a very careful consideration of the petition herein, and of defendant's motion to strike out various averments, I have come to the conclusion that said motion must be granted in all its parts. The very great length of the petition, with its complexity of averments, required the utmost concentration of mental effort in order to preserve on the part of the court any intelligent connection between the various matters set forth as grievances.

It seems to me that brevity of allegation and concisement of statement would have made the petition far stronger. But, when I came to consider the relief sought by plaintiff, the justice of defendant's motion seems to me more patent. I do not intend to trench upon the decision made by my learned colleague, Judge Jackson, upon the demurrer heretofor filed herein; but, as I understand from him, the scope of that decision went no further than to hold that there was a cause of action stated in the petition.

The petition prays, first, for a dissolution of one corporation of which the plaintiff is and was a stockholder, and then, on behalf of that corporation, I take it, the plaintiff prays for relief against other defendants for pecuniary injuries arising out of the frauds of directors and stockholders of his own corporation. There is manifestly, to my mind, a misjoinder of causes of action, which in turn necessarily generated a misjoinder of parties defendant; and, then, when we come to consider each cause of action, as it should have been expressed separately. we find that certain essentials either by statute or by the rules of equity pleading are utterly wanting.

Thus, in order to entitle to a dissolution of a corporation, the statutes (section 5652 and

5653) require that certain averments and statements shall be made and a certain affidavit annexed, all of which are wanting herein, to say nothing of the requirements of section 5651. Then, again, to entitle a stockholder to sue on behalf of his corporation to redress wrongs done it certain averments are required as to the failure or negligence of the directory, on request, to bring such a suit. See Cook on Corporations, section 740 *et seq.* There are no such averments in this petition. I note these points now by way of suggestion and not as bases upon which the motion herein is granted, although I must confess that they have in some measure influenced the action of the court in the hope that on a reformation of the petition all needless prolixity may be avoided.

As to the point made that defendants are now barred of this motion because of the interposition of the demurrer first, and a ruling of the court thereon, it may be said that such a rule is not inflexible. The object of such a rule is protection to the court and to litigants from the interposition of dilatory pleas filed for *the delay* only. The rule was never intended to deprive the court of the power to protect itself from being overwhelmed in a maze of irrelevant and useless averment and allegation, and it has always been my understanding that the power is inherent in the court, for the expedition of its own business and the reduction to singleness and certainty of the issues to be tried, of its own motion, to order irrelevant, or redundant or superfluous matter to be stricken out of the pleading.

I dislike to criticize, and while I have the highest respect for the well known learning and ability of counsel for plaintiff in this case, yet I must say, outside of the pressure of court work, the greatest cause for my delay in disposing of this branch of this case now before me, lay in my inability to master the details of the petition herein in any one continuous sitting, and every interruption of the same only necessitated my going back to and over it again. I recognize my own imperfections, and I offer them as an apology for holding this motion so long.

Motion granted.

D. S. Hounshell for plaintiff.
C. H. Stephens for defendants.